## BOFFA et al. v. HEBERT et al.
### No. 2117.

Court of Civil Appeals of Texas. Beaumont.

Oct. 17, 1931.

Rehearing Denied Oct. 28, 1931.

W. H. Greenhaw, of Beaumont, for appellants.

R. E. Masterson and Geo. D. Anderson, both of Beaumont, for appellees.

O'QUINN, J.

As disclosed by the record, about August 8, 1927, appellants, Mary Boffa and her husband, Frank Boffa, sued appellees in trespass to try title alleging ownership of a certain lot in the city of Beaumont, Tex., claiming same by the ten years' statute of limitation (Rev. St. 1925, art. 5510), and prayed for a temporary injunction to restrain appellees from interfering with their use of said lot. The restraining order was granted. Appellees answered by plea of not guilty and certain pleas not necessary to mention, and by affirmative plea for title to the land. The case was tried to a jury, and under a general charge of the court the jury found for the defendants, appellees, and judgment was so entered. The plaintiffs, appellants here, appealed the cause to the Ninth Court of Civil

Appeals, where said judgment was affirmed. 27 S.W.(2d) 305.

The instant suit was brought by Mary Boffa, joined by her husband, Frank Boffa, appellants, May 20, 1930, to set aside the aforementioned judgment on the ground of alleged fraud in said first suit resulting in said judgment, and to recover the lot in question, being lot No. 449 in block No. 60 in the city of Beaumont.

The defendants, appellees, answered by general demurrer, special exception that plaintiffs' petition set forth no facts that would constitute fraud relative to the judgment assailed, but were mere conclusions of the pleader, general denial, plea of not guilty, and specially pleaded the judgment in the former suit as res judicata of the question here involved, to wit, the title to the lot in question.

The case was tried to a jury, but on the conclusion of the evidence, the defendants, appellees, by written motion requested the court to instruct a verdict in their favor, which was granted, the verdict returned for appellees, upon which judgment was entered. Motion for a new trial was overruled, and the case is before us on appeal.

Appellees object to appellants' brief for various reasons, among which is that same is not in compliance with any of the rules prescribed for briefing cases on appeal. The objections to the brief seem to be well taken. The statement of the nature and result of the suit is very insufficient, and there are no assignments of error in the brief. The grounds urged in the motion for a new trial, if they could be considered as assignments of error, are not brought forward in the brief, and besides they are, under all the decisions, too general. They are:

"First. Because the verdict of the jury is contrary to the evidence."

"Second. Because the judgment of the court is contrary to the law."

Such assignments as these have uniformly been held to be insufficient to be considered.

However, we have fully considered the matters attempted to be presented in the brief. They are presented under the heading: "Appellants' Objections to the Rulings of the Court in the Trial of said Case."

The first is that the court erred in sustaining appellees' demurrer to appellants' petition. We presume this has relation to appellees' general demurrer. There is nothing in the record to show that said demurrer, or any demurrer, was urged to the court, or that the court passed upon same. In fact, the record shows that the case was regularly tried, the evidence of both parties introduced, many witnesses testifying, and that upon the conclusion of the evidence a peremptory ver-

dict was returned for appellees by the jury upon motion of appellees granted by the court.

The second is that the court erred in taking the case from the jury and instructing a verdict for appellees, because it was a question of fact for the jury to determine whether appellants had acquired title to the lot in question by the ten years' statute of limitation. The instructed verdict was proper. This matter had been litigated in the former suit between the same parties and over the same lot of land, and judgment in said former suit was for appellees. That judgment was res judicata as to the question. But appellants insist that appellant Mary Boffa was an unwilling litigant in that suit, and that she was fraudulently brought into same by her husband, and hence she was not bound by said former judgment. The record fails to support, or even to raise, the issue of fraud. The record shows that in the former suit she, joined by her husband, were the plaintiffs, and nowhere shows any indication that she was not the moving party to the institution of said suit. Anyway she was a party, not in any manner made so by appellees, and appellees, after having been invited into the court to litigate the matter, duly answered and plead affirmatively against her for the title and possession of the land, which was duly adjudged to them, from which judgment she appealed and (which, as before stated, was affirmed) nowhere protested that she was not a voluntary party to the suit. If she failed to plead or prove her claim to the lot in litigation by the ten years' statute of limitation, in said former suit, then such failure must be charged to her negligence in so doing, and she is bound by said judgment because it is well settled that final judgment between parties litigating the right to certain property is res judicata of all rights litigated or that could have been properly asserted in said suit, attempted to be asserted in a future suit between the same parties as to the same property. See cases cited in Digest of Texas Reports, vol. 15, pp. 124, 125. Furthermore, the instructed verdict was proper, because by her own testimony she shows that she did not take and hold the lot in question adversely to the record owner, but to the contrary she testified: "He sold the lot on which the store is, but didn't sell the second lot. (The lot in litigation). I have been using that lot 30 years. He gave me that to use for everything I wanted. I wanted to buy it, I got the money; been using it for 33 years. He told me to go ahead and use. I was going to buy it afterwards. I told him when I got through with the other I would buy that, and he told me to go ahead and use it for whatever I wanted. He just told me to go ahead and use it. * * * He sold me the corner lot. I understood he owned the lot next door and he told me I could use it." Mrs. Boffa's taking possession and using the lot was permissive—she, herself, says so, and there is nothing in the record to show that she ever brought to the knowledge of the owner of the lot her repudiation of her tenancy and adverse claim to the property. This she must have done, for having taken possession of the property by the permission of the owner, she became his tenant and so remained until she repudiated her tenancy and brought notice of such repudiation to her landlord. Benskin v. Barksdale (Tex. Com. App.) 246 S. W. 360. The mere fact that in this suit she says she all the time claimed the lot by limitation is not sufficient, for her secret determination to so claim will not support her hostile claim; it must have been open, notorious, and hostile to the owner of the lot to avail her. This is not shown.

The third contention is that the court erred in taking the case from the jury and instructing a verdict for appellees, because such action of the court deprived appellants of "presenting the decisions of the higher courts on the questions involved in said cause to the jury and to the court," setting forth numerous decisions which were intended to be so presented. There is nothing in this contention. The jury receives the law guiding them in their arrival at a verdict, from the court in his charge, and there is nothing to show that the court was not entirely familiar with the law of limitation attempted to be invoked in the trial of the case.

The fourth complaint reads: "The court erred in deciding said case against appellant and in favor of appellee, because although the case was continued once that defendants might have their witnesses present on the trial of said cause, when said cause went to trial before the court, and appellant proved his case beyond controversy by several witnesses, appellee did not controvert said facts by any testimony whatever."

As we understand the above, it is appellants' contention that the undisputed facts adduced showed that appellants had adversely held and claimed the lot in question for more than ten years next preceding the filing of the suit, and hence the instructed verdict and consequent judgment were wrong. There is no basis for this contention. As we have above stated, appellant Mrs. Boffa herself testified that she took possession of the lot and continued to use same with the permission of the owner. Her possession was, therefore, permissive and would not support a claim of adverse possession, unless and until she had repudiated her tenancy and such repudiation was brought to the knowledge of her landlord, the owner of the lot. Benskin v. Barksdale (Tex. Com. App.) 246 S. W. 360; see cases cited Digest Texas Reports, vol. 11, p. 1027.

The fifth and last complaint is: "The court erred in being governed by the decision in the former trial of said cause, because the petition and answer in the former trial was a total misrepresentation of all the facts and the law governing said case, and could not be, and was not rightfully decided on that account, and because appellant is entitled to a fair and impartial trial of said cause."

As we have above held, the judgment in the former trial was res judicata of the question here involved. There is nothing in the record suggesting any sort of misrepresentation of any fact by the appellees, or any one of them. Neither was the law applicable to the facts shown in said former trial misapplied, for on appellant's appeal in said cause the judgment there rendered was affirmed by the higher court. We are unable to find anything in the record to suggest that appellants have not had a fair and impartial trial.

From what we have said, it follows that the judgment should be affirmed, and it is so ordered.

Affirmed.